IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN CLUB FOR GROWTH, INC.,
ERIC O'KEEFE, ONE WISCONSIN NOW, INC.,
and SCOTT ROSS,

|                              |                    |
|------------------------------|--------------------|
| Plaintiffs,                  | ORDER              |
| v.                           |                    |
|                              | 10-cv-427-wmc      |

GORDON MYSE, THOMAS BARLAND,
MICHAEL BRENNAN, THOMAS CANE,
GERALD C. NICHOL, DAVID G. DEININGER,
and KEVIN KENNEDY,

Defendants.

---

A telephonic status conference in this matter was held at 1:30 p.m. on August 11, 2010, to address the parties' stipulation and proposed permanent injunction.  As a result of that discussion, the court orders as follows:

1. The permanent injunction hearing scheduled for August 12, 2010, is postponed pending further order of the court.

2. Defendants shall have until September 1, 2010, to answer, move, or otherwise respond to plaintiffs' complaint in this matter.

3. The parties shall have until August 19, 2010, to serve and file briefs on the following issues:

    a. Must the court find a probable violation of federal law in order to enter the proposed, stipulated injunction?  *See Evans v. City of Chicago*, 10 F.3d 474, 480 (7th Cir. 1993) ("An alteration of the [state's] statutory scheme may not be based on consent alone; it depends on an exercise of federal power, which in turn depends on a violation of federal law. The district court therefore properly insisted on a demonstration of at least a probable violation of that law as a condition to the entry of this decree.") (quoting *Kasper v. Bd. of Educ. Comm'rs*, 814 F.2d 332, 340 (7th Cir. 1987)).

    b. Since the parties are not asking the court to enter the injunction based on a violation of federal law, but rather to enter the injunction based on the

invalidity of Wis. Admin. Code § 1.28 itself under Wisconsin law, is the court precluded from entering the proposed, stipulated permanent injunction in any event? *Id.*

c.  Before entering a permanent injunction, should other public and private actors be given at least some opportunity to be heard? *See Assoc'n of Cmty. Orgs. for Reform Now (ACORN) v. Edgar*, 56 F.3d 791, 797 (7th Cir. 1995) ("[B]ecause an injunction may harm third parties to the litigation and impose administrative burdens on the judicial system, a court asked to grant an injunction has the power to refuse even when both parties are pressing it to grant the injunction, as in the case, more dramatic than this, in which the injunction is contained in a proposed consent decree."). For example, two legislative committees -- the Senate Committee on Labor, Elections and Urban Affairs and the Assembly Committee on Elections and Campaign Reform -- reviewed and reported taking no action on Wis. Admin. Code. § GAB 1.28. In addition, Wisconsin law purports to grant standing to "any elector" to sue for injunctive relief to compel compliance. Wis. Stat. § 11.66.

d.  Do general federalism and comity concerns favor abstention by this court until the Wisconsin law issues are resolved, especially in light of the pending petition for original jurisdiction to the Wisconsin Supreme Court filed by other parties against the Government Accountability Board?

Entered this 11th day of August, 2010.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge